IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01517-BNB-MJW

ANGIE ASHLEY,

Plaintiff,

v.

TORMEY BEWLEY CORPORATION, a Colorado corporation,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1) Plaintiff's **Motion for Summary Judgment** [Doc. # 26, filed 12/17/2012]; and

(2) Defendant's **Motion for Summary Judgment** [Doc. # 27, filed 12/21/2012].

Genuine issues of material fact exist precluding the entry of summary judgment for either party, and both motions are DENIED.

Summary judgment may enter in a case where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, it any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In addition, "[a] defendant may use a motion for summary judgment to test an affirmative defense which entitles that party to a judgment as a matter of law." Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997).

The moving party bears the initial burden of demonstrating by evidence the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Id. at 324.

This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The plaintiff alleges a violation of the act. The defendant relies on the affirmative defense of bona fide error to avoid liability.

Two genuine issues of material fact preclude the entry of summary judgment for either party. First, there is no evidence of the amount of the debt assigned by St. Mary's Hospital to the defendant for collection. In particular, there is no evidence demonstrating whether St. Mary's Hospital assigned for collection $32,738.30, the amount it originally billed the plaintiff, or $20,000, the amount agreed to between the plaintiff and St. Mary's Hospital on April 9, 2012, to settle a state court action.

In addition, the date of the letter from the defendant to the plaintiff stating that the account had been "cancelled/returned" to St. Mary's Hospital is disputed. The letter bears on its face the date May 10, 2012, and the plaintiff argues that "Defendant sent the Plaintiff a letter dated May 10, 2012 telling the Plaintiff that the St. Mary's Hospital account had been cancelled. . . ." Plaintiff's Motion [Doc. # 26] at ¶6. The defendant counters that the letter "is erroneously dated May 10, 2012, a date apparently carried over from a letter already in our computer system," but actually was sent "at least a week after its shown date." Affidavit of Raymond Ross [Doc. # 28-1] at ¶¶4-5.

IT IS ORDERED:

(1) Plaintiff's Motion for Summary Judgment [Doc. # 26] is DENIED; and

(2) Defendant's Motion for Summary Judgment [Doc. # 27] is DENIED.

Dated January 24, 2013.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge