IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01517-BNB-MJW

ANGIE ASHLEY,

Plaintiff,

v.

TORMEY BEWLEY CORPORATION, a Colorado corporation,

Defendants.

_____

**ORDER**
_____

Presently at issue are disputed proposed jury instructions. This is an action under the Fair Debt Collection Practices Act. The defendant relies on the bona fide error defense. The disputed instructions concern the proper statement of that defense.

The plaintiff was treated at St. Mary's Hospital and Medical Center, Inc., in Grand Junction, Colorado, on May 12-13, 2011. Complaint [Doc. # 1] at ¶5. The hospital initially charged $32,738.30 for its services. Id. at ¶6. The plaintiff brought suit in a Colorado state court challenging the amount of the bill. Id. at ¶5. The state court action was settled on April 9, 2012, when the hospital agreed to reduce the amount of its bill to $20,000. Id.; Plaintiff's Motion for Summary Judgment [Doc. # 26] at ¶5.

Subsequently, on May 14, 2012, the debt was assigned from the hospital to the defendant for collection. Defendant's Motion for Summary Judgment [Doc. # 27] at ¶1. On May 15, 2012, the defendant sent a letter to the plaintiff demanding payment on the hospital's behalf in the amount of $32,738.30, without acknowledging that the amount due had been discounted in

connection with the settlement of the state court action.  Plaintiff's Motion for Summary Judgment [Doc. # 26] at ¶7.  The plaintiff contends that the May 15 letter violates the FDCPA because it falsely represents the amount of the debt, in violation of 15 U.S.C. § 1692e(2); falsely represents the status of the debt, in violation of 15 U.S.C. § 1692e(2); and attempts to collect an amount not authorized by law, in violation of 15 U.S.C. § 1692f(1).  Final Pretrial Order [Doc. # 43] at p. 1.  The defendant asserts, among other things, the defense of bona fide error.

The parties have agreed and stipulated that the jury should be instructed as follows on the bona fide error defense:

> The defendant has pleaded the affirmative defense of bona fide error, which provides:
>
> "A debt collector may not be held liable in any action brought under the Fair Debt Collection Practices Act if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."
>
> You shall find in favor of the Defendant if you determine the Defendant has proven by a preponderance of the evidence all of the following:
>
> a. The violation was unintentional;
>
> b. The violation resulted from a bona fide error;
>
> c. The violation happened even though the Defendant had reasonable procedures in place to prevent the error from happening.

The defendant requests two additional instructions further refining the bona fide error instruction, to which the plaintiff objects.  The first disputed instruction states:

> A debt collector is not required to independently verify accounts referred to it for collection before commencing the collection

>>processes allowed or required by the Fair Debt Collection Practices Act.  A debt collector can rely on the accounts provided by its client, providing such reliance is reasonable.

The second disputed instruction states:

>>One method of establishing a reasonable basis upon which a debt collector may rely on the account information provided by its client is to have a contract with the debt collector's client that verifies the accuracy of the debts.

The Tenth Circuit Court of Appeals addressed the bona fide error defense in Johnson v. Riddle, 443 F.3d 723 (10th Cir. 2006).  The circuit court ruled that the first element of the defense--requiring that the violation be unintentional--is subjective and requires that the defendant show that "the violation was unintentional, not that the underlying act itself was unintentional." Id. at 728.

The circuit court also ruled that the second and third prongs of the defense--(2) that the violation was a bona fide error and (3) that the violation happened even though the defendant had reasonable procedures in place to prevent the error--are objective.  For an error to be bona fide, it must be "an error made in good faith; a genuine mistake, as opposed to a contrived mistake." Reed v. AID Associates, Inc., 573 F. Supp. 2d 1105, 1108 (S.D. Ind. 2008).

The "reasonable procedures" component of the defense involves a two step inquiry. Johnson, 443 F.3d at 729.  The first step is "whether the debt collector 'maintained'--*i.e.*, actually employed or implemented--procedures to avoid errors," and the second step is "whether the procedures were 'reasonably adapted' to avoid the specific error at issue."  Id.  Courts have described the third prong as a "fact-intensive inquiry."  Owen v. I.C. System, Inc., 629 F.3d 1263, 1274 (8th Cir. 2011).  The Eighth Circuit Court of Appeals stated, in addition:

> Despite surveying the case law, we have located no definitive list of procedures, or even universally applicable parameters, by which to assess the third element. Rather, the legal analysis has proceeded on a case-by-case basis and depended upon the particular facts and circumstances of each case."

Id.

The two disputed instructions go to the third prong of the bona fide error defense. The Tenth Circuit has stated that a debt collector cannot be held liable for an error concerning the amount of the debt if it "reasonably relied upon information from its client," Solomon v. Baer & Timberlake, P.C., 2012 WL 5992265 at *2 (10th Cir. Dec. 3, 2012)(unpublished), but it provided no guidance as to what is necessary for that client reliance to be reasonable. In particular, the Tenth Circuit has not held that reliance is reasonable simply because the debt collector has a "contract with [its] client that verifies the accuracy of the debts," as the second disputed instruction indicates.

Here, the defendant relies on a form contract between itself and the hospital dated October 8, 2010, which states that the hospital "warrants that so far as is known to [it] each account assigned for collection . . . is a valid and existing account against consumer." Memorandum of Understanding [Doc. # 27-1] Exh. C (the "MOU") at ¶2. The MOU also requires the hospital to "promptly report" to the defendant "all payments, bankruptcy notices and any and all communications from the consumer. . . ." Id. at ¶8.

I agree with the ruling of the Eleventh Circuit in <u>Owen</u>, 629 F.3d at 1275, that:

> Employing a one-time form contract [executed] years prior and blindly relying on creditors to send only valid debts is a procedure, but it is not one reasonably adapted to avoid the type of erroneous . . . charges at issue here.

The case law does not support the disputed instructions, and I will give them. Instead, I will give the following additional instruction concerning the bona fide error defense:

> In applying the three factors of the bona fide error defense:
>
> a. A violation is unintentional so long as the defendant did not intend to violate the Fair Debt Collection Practices Act;
>
> b. An error is bona fide if it was made in good faith and was a genuine mistake; and
>
> c. In order to show that it had reasonable procedures in place to prevent the error from happening, the defendant must establish both of the following:
>
>> (1) That the defendant actually had in place and utilized procedures to avoid errors; and
>>
>> (2) That the procedures were reasonably adapted to avoid the specific error at issue here--the erroneous reporting by the client to the defendant an improper amount of the debt owed.

SO ORDERED.

Dated February 6, 2013.

                                                    BY THE COURT:

                                                    s/ Boyd N. Boland
                                                    United States Magistrate Judge